UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL H., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C19-6147-BAT <br><br> **ORDER REVERSING THE COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS** |

Plaintiff appeals the ALJ's decision finding him not disabled. He contends the ALJ erroneously: (1) found he could frequently reach with his right upper extremity, and stand and walk at the light work level; (2) evaluated several medical opinions; and (3) rejected the lay testimony. Dkt. 21 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

**A.      Light Work - Reaching Limitations**

The ALJ found plaintiff has the residual functional capacity (RFC) to perform less than the full range of light work and can do "work that does not require him to reach forward or

ORDER REVERSING THE COMMISSIONER AND REMANDING FOR
FURTHER PROCEEDINGS - 1

1  laterally with the right arm more than frequently." Tr. 19. The ALJ arrived at this finding by

2  rejecting the opinions of several doctors. Tr. 21. Plaintiff contends the ALJ erred.

3       Reviewing doctors J.D. Fitterer, M.D, and Greg Saue, M.D. opined plaintiff "could

4  occasionally use his right upper extremity to reach in front, laterally, or overhead." Tr. 21. The

5  doctors based their opinion on Dr. Helibrunn's consultative examination report. Tr. 264. The ALJ

6  rejected the reviewing doctors' opinions on the grounds there "is a lack of records to support the

7  limitations he displayed at the consultative examination." *Id.*

8       Drs. Fitterer, Saue, and Helibrunn agree plaintiff is limited to occasional reaching with

9  the right arm. There are no medical opinions to the contrary. ALJ was thus required to provide

10  clear and convincing reasons to reject their opinions. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th

11  Cir. 1996). An ALJ does this by setting out a detailed and thorough summary of the facts and

12  conflicting evidence, stating his or her interpretation of the facts and evidence, and making

13  findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ must do more than

14  offer his conclusions; he must also explain why his interpretation, rather than the treating

15  doctor's interpretation, is correct.  *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

16       Here, the ALJ erred by providing nothing more than the conclusory statement "there is a

17  lack of records." Simply stating a conclusion does not constitute the type of substantial evidence

18  necessary to overcome a doctor's opinion. *See Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir.

19  2017).  The Commissioner defends the ALJ arguing the ALJ properly weighed conflicting

20  medical opinions and the RFC includes all of plaintiff's limitations. The ALJ did not reject the

21  medical opinions on this basis and the argument is thus an impermissible post-hoc argument

22  upon which the Court can rely. *See Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 1995)

23

ORDER REVERSING THE COMMISSIONER AND REMANDING FOR
FURTHER PROCEEDINGS - 2

(bCourt reviews the ALJ's decision "based on the reasoning and findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

The ALJ accordingly erred. The error is harmful because the Vocational Expert (VE) testified that of plaintiff was limited to occasional use of the right arm he would be able to perform work at the light or sedentary level. Tr. 35.

**B.      Light Work – Lifting, Carrying, Standing and Walking Limitations**

Dr. Heilbrunn opined plaintiff can carry/lift 0-10 pounds, and can stand or walk cumulatively for 3 hours in an 8 hour day. Tr. 269. Dr. Fitterer agreed with Dr. Heilbrunn regarding plaintiff's standing/walking limitations but not his carry/lift limitations; Dr. Fitterer concluded plaintiff is limited to sedentary work. Tr. 58-60. Dr. Saue opined plaintiff could stand/walk for six hours, carry up to 20 pounds and carry 10 pounds frequently. Tr. 73.

The ALJ found plantiff has the RFC to perform jobs calling for less than the full range of light work, with occasional right arm overhead reaching. Tr. 19. The RFC determination does not mention reaching limitations in other directions or how long plaintiff can walk/stand in a workday. The ALJ's assessment of these limitations is revealed in the hyptothetical question to the VE. The  ALJ asked the VE to assume plaintiff can "sit, stand and walk six hours . . . and "occasionally reach overhead with the right upper extremity and can frequently reach in front laterally with the right upper extremity." Tr. 34.

Plaintiff argues the ALJ's RFC determination is erroneous. The argument hinges on whether the ALJ properly rejected Dr. Helibrunn's opinion plaintiff is more limited than the ALJ assessed. If the ALJ harmfully erred, the case must be remanded to reassess Dr. Heilbrunn's

ORDER REVERSING THE COMMISSIONER AND REMANDING FOR
FURTHER PROCEEDINGS - 3

1   opinions and the opinions of Drs. Fitterer and Saue who relied upon Dr. Heilbrunn's opinions.

2   Conversely if the ALJ did not err, than the ALJ correctly discounted all three medical opinions.

3   　　　　The ALJ rejected Dr. Heilbrunn's opinion first noting the "claimant knew this

4   examination was being conducted for the purpose of assessing his eligibility for disability

5   benefits and had no incentive to give his best effort." Tr. 21. Substantial evidence does not

6   support the ALJ's rationale. The Department of Disability Determination Services ordered

7   plaintiff be examined by Dr. Heilbrunn. Tr. 263. There is no evidence plaintiff arranged for the

8   examination in order to procure inaccurate medical evidence. Also Dr. Heilbrunn examined

9   plaintiff and did not indicate plaintiff displayed a lack of cooperation or "poor effort" during the

10  examination. *Cf. Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (Poor effort may

11  may support an adverse credibility determination).

12  　　　　The ALJ also discounted Dr. Heilbrunn's opinion because it was a "one-time examination

13  of the claimant, which resulted in remarkable findings within the claimant's subjective control."

14  The ALJ's rationale contains two lines of thought. First, a single examination is grounds to reject

15  Dr. Heilbrunn's opinion. A consultative examining doctor such as Dr. Heilbrunn, normally

16  renders medical opinions based upon one examination of the claimant. Thus rejecting the opinion

17  of a consultative examining doctor would mean rejecting virtually all consultative examination

18  opinions. The ALJ's rationale is illogical because it defeats the purpose of ordering a consultative

19  examination. Additionally, the rationale flies in the face of the requirement the ALJ is required,

20  in determining a claimant's RFC, to assess all the relevant evidence, including medical opinions

21  and reports. *See* 20 C.F.R. § 416.945(a).

22  　　　　Second, the ALJ rejected Dr. Heilbrunn's opinion reasoning the doctor's findings were

23  based on things within "the claimant's subject control."  This rationale is not supported by

substantial evidence. The rationale implies plaintiff was malingering and Dr. Heilbrunn's opinions are thus invalid. But Dr. Heilbrunn did not find plaintiff was malingering; the ALJ's decision also make no findings that plaintiff is a malinger. Accordingly the Court concludes the ALJ harmfully erred in rejecting Dr. Heilbrunn;s opinions. The error is harmful because it resulted in a RFC determination that fails to account for the limitations assessed by Dr. Heilbrunn.

The commissioner defends the ALJ arguing the ALJ properly discounted Dr. Heilbrunn's opinions becasye they were not supported by the treatment record and are bolstered by the opinions of Drs. Fitterer and Saue. But, the ALJ did not reject Dr. Heilbrunn's opinions on this basis and the argument is thus an impermissible post-hoc argument.

**B.     Lay Testimony**

The ALJ acknowledged Shawna M's testimony that after plaintiff was shot, he had difficulty with loud noises, cannot stand for long periods of time and it is hard for him to lift things with his right shoulder and arm. Tr. 22. The ALJ rejected Ms. M's testimony because "the record contains no treatment evidence to support the degree of limitation Ms. M. alleges." *Id.* The ALJ erred. The ALJ cannot reject a lay witness's testimony simply because it is not corroborated by objective medical evidence. *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) (Court rejected as improper ALJ's reasoning the lay testimony was "not supported by the objective medical evidence."); *see also Kelly v. Berryhill*, 732 Fed. Appx. 558, 564 (9the Cir. 2018) (ALJ's rejection of wife's testimony as "not supported by the objective evidence," was "legally erroneous under our precedent.").

The Commissioner argues even if the ALJ erred, the error was harmless because Ms. M's testimony is similar to plaintiff's testimony which the ALJ rejected. But this argument is not

based upon a finding the ALJ made because the ALJ rejected Ms. M's testimony without indicating whether it was or was not similar to plaintiff's. The Court declines to weigh the evidence when the ALJ has not. That is a matter reserved to the ALJ, and not a determination the Court should make for the first time on appeal. In sum, the ALJ erroneously rejected Ms. M's testimony and should reassess it on remand.

## CONCLUSION

The Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reevaluate the lay testimony of Ms. M. and the opinions of Drs. Fitterer, Saue, and Heilbrunn; take plaintiff's testimony if he appears at the hearing, develop the record further and redetermine the RFC as needed, and proceed ot the remaining steps as approrpaite.

DATED this 2nd day of December, 2020.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER AND REMANDING FOR
FURTHER PROCEEDINGS - 6